Noreen A. BRZOZOWSKI, Appellant

v.

CORRECTIONAL PHYSICIAN SERVICES, INC.; Prison Health Services, Inc. Appellee.

No. 02–3659.

United States Court of Appeals, Third Circuit.

April 5, 2004.

Harold I. Goodman, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA, for Appellant.

Andrew J. Rolfes, Klett, Rooney, Lieber & Schorling, Philadelphia, PA, for Appellee.

Before SCIRICA, Chief Judge, SLOVITER, NYGAARD, ALITO, ROTH, McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, CHERTOFF, WEIS,* GARTH,[1]* and BECKER,* Circuit Judges.

* As to Panel Rehearing Only

SUR PETITION FOR PANEL REHEARING WITH SUGGESTION FOR REHEARING *EN BANC*

WEIS, Circuit Judge.

The petition for rehearing filed by Appellant having been submitted to the judges who participated in the decision of this Court, and to all the other available circuit judges in active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court *en banc*, the petition for rehearing is DENIED.

OPINION SUR DENIAL OF REHEARING

GARTH, Senior Circuit Judge.

As a Senior Circuit Judge, I am restricted to voting for panel rehearing. *See* 28 U.S.C. § 46(c) (limiting voting for *en banc* rehearing to active circuit judges). I do not, however, vote for panel rehearing in this case because, even though I dissented from the majority opinion, I believe that voting for panel rehearing would be futile.

On the other hand, if I were not precluded from voting for *en banc* rehearing, I would do so in this instance because I am convinced that the majority opinion has materially changed the three-factor formula announced by Judge Greenberg in *Rego v. ARC Water Treatment Co. of Pennsylvania*, 181 F.3d 396 (3d Cir.1999), for determining when successor liability is appropriate. In my opinion, the majority has read out of the *Rego* formula the third factor, which considers the ability of the predecessor company to provide adequate relief directly to the plaintiff. *See Rego*, 181 F.3d at 402. This cannot, and should

1. Judge Garth's Opinion Sur Denial of Rehearing is attached.

not, be condoned because it modifies the jurisprudence of this Circuit, an act that lies beyond the authority of a three-judge panel. *See* 3d Cir. Internal Operating Procedures § 9.1 (explaining that only the entire court, sitting *en banc*, may overrule a precedential opinion).

Of further concern to me is the majority's failure to acknowledge, and give effect to, the equitable underpinnings of *Rego* and the successor liability doctrine under the circumstances of this case, where the equities all favor the successor company.